# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CARLOS RICHARDSON,**

                **Plaintiff,**

    v.

**GARY MOHR, et al.,**

               **Defendants.**

**Case No. 2:20-cv-4141**
**Judge Edmund A. Sargus**
**Magistrate Judge Jolson**

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff Carlos Richardson is an inmate at London Correctional Institution who is proceeding *pro se* against Defendants Gary Mohr, Stanley Taylor, Jeffery Noble, S. Cahill, and Steven Gause.  (Doc. 1-1).  This matter is before the Undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915A, 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).  Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's § 1983 First Amendment claim and **DISMISS** Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim **without prejudice**.

**I.  MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 1), Plaintiff's Motion is **GRANTED**.  Plaintiff is required to

pay the full amount of the Court's $350 filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff's Motion reveals that he has an insufficient amount to pay the full filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the London Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.  After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court.  28 U.S.C. § 1915(b)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  Checks should be made payable to Clerk, United States District Court and should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

**II.    LEGAL STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429–30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. DISCUSSION

In his Complaint, Plaintiff alleges that, in August 2017, his First Amendment rights were violated when he was forced to cut his dreadlocks in violation of his religious beliefs. (Doc. 1-1 at 5). He alleges that he is a "Hebrew Yisraelite [sic], and one of my vows is, the prohibiting of cutting my hair, which had grown naturally into dreadlocks." (*Id*.). On his civil cover sheet, (Doc. 1-2), Plaintiff asserts the prison's "grooming policy which prohibit [sic] dreadlocks violates RLUIPA." The Undersigned discusses Plaintiff's § 1983 and RLUIPA claims separately.

#### A. § 1983

Plaintiff's § 1983 claim is time-barred. The Court "'look[s] to state law to determine the applicable statute of limitation for 42 U.S.C. § 1983 claims." *Falzone v. Licastro*, No. 1:10CV02918, 2012 WL 711273, at *5 (N.D. Ohio Mar. 4, 2012) (quoting *Johnson v. Frasch*, 173

3

F.3d 429, 1999 WL 68564, at *2 (6th Cir. 1999)). "'For civil rights actions arising in Ohio, the applicable period is two years.'" *Falzone*, 2012 WL 711273, at *5 (quoting *Johnson*, 173 F.3d at *2). "'Although the statute of limitations is an affirmative defense, a complaint may be dismissed as frivolous on an initial screening if the allegations of the complaint on their face demonstrate that the claim would be barred by the applicable statute of limitations.'" *Bruseau v. Franklin Cty. Correction Officers*, No. 2:20-CV-2843, 2020 WL 3077536, at *2 (S.D. Ohio June 10, 2020) (quoting *Blue v. City of Lakewood, Ohio*, No. 1:19-cv-2851, 2020 WL 2747964, at *2 (N.D. Ohio May 27, 2020)).

That is what must happen here.  Plaintiff alleges that he was forced to cut his dreadlocks on August 7, 2017, (Doc. 1-1 at 5), which is more than two years before he filed this lawsuit on August 13, 2020.  Plaintiff's § 1983 claim is barred by the statute of limitations as a result.  *See, e.g.*, *Heyward v. Cooper*, No. 3:16-CV-2774, 2019 WL 1428341, at *5 (N.D. Ohio Mar. 29, 2019) (dismissing pro se prisoner's free exercise claim as time-barred); *Falzone*, 2012 WL 711273, at *5 (dismissing plaintiff's First Amendment claim as barred under the statute of limitations). Accordingly, it is **RECOMMENDED** that Plaintiff's First Amendment claim be **DISMISSED**.

**B. RLUIPA**

As noted, Plaintiff states on his civil cover sheet that the prison's grooming policy violates RLUIPA.  Unlike his § 1983 claim, Plaintiff's RLUIPA claim is subject to a four-year statute of limitations, s*ee* 28 U.S.C. 1658(a), and is, therefore, timely.  But there are other issues fatal to his RLUIPA claim.

To begin, Plaintiff seeks monetary damages against Defendants in both their individual and official capacities.  (Doc. 1-1 at 6).  "[T]o the extent that Plaintiff seeks monetary damages based on any claim arising from violation of his rights under RLUIPA, those claims should be dismissed

4

because there is no cause of action for monetary damages under RLUIPA." *Turner v. Ohio Dep't of Rehab. & Corr.*, No. 2:19-CV-2376, 2019 WL 3842390, at *3 (S.D. Ohio Aug. 15, 2019), *report and recommendation adopted sub nom. Turner v. Davis*, No. 2:19-CV-2376, 2019 WL 5080668 (S.D. Ohio Oct. 10, 2019) (citing *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 460 (6th Cir. 2019) ("RLUIPA doesn't clearly authorize money damages . . . [T]he reality that RLUIPA doesn't allow for damages indicates that Congress didn't intend § 1983 to provide a backdoor to achieving a different result."); *Hardy v. Unknown Agee*, No. 14-2230, 2015 WL 13782958, at *3 (6th Cir. May 8, 2015) ("The district court properly dismissed this claim because RLUIPA does not allow a prisoner to collect money damages from defendants sued in their individual capacities.")).

This leaves Plaintiff's claim for prospective injunctive relief against Defendants in their official capacities. Plaintiff "request[s] for an order by the Court to direct O.D.R.C. to provide Plaintiff with the kosher meal in accordance with his dietary practice pertaining to his religion." (Doc. 1-1 at 6). But Plaintiff's allegations against each Defendant concern only his hair, and his Complaint makes no mention of a request for kosher meals. Specifically, he alleges that "Capt. Gause is the one who issued the conduct report because I refuse [sic] to cut my hair after I told him that it would be a violation of my religion"; that "Former Chaplain S. Cahill denied my request for religious accommodation by not answering my request"; and that "Deputy Warden Taylor threaten [sic] to use force upon me if I did not cut my hair[.]" (Doc. 1-1 at 5). He also alleges that "these Defendant's [sic] acted under the authority of former warden Jeffery Noble and former Director Gary Mohr." (*Id.*).

Plaintiff's request for relief is "unrelated to his underlying claims." *Hamby v. Parker*, No. 3:17-CV-01596, 2020 WL 1640429, at *2 (M.D. Tenn. Apr. 2, 2020). It should be dismissed as a result. Indeed, his "allegations [regarding being forced to cut his hair] lie 'wholly outside' the

current issues in the suit and therefore cannot support the injunctive relief he seeks." *Id*. (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)); *see also Salami v. Eagen*, No. 2:19-CV-11558, 2019 WL 3219904, at *3 (E.D. Mich. July 16, 2019) ("Claims for injunctive relief must be pursued separately if they are unrelated to the factual bases of the complaint."). In other words, Plaintiff must seek injunctive relief related to the prison's grooming policy, or alternatively, bring a separate lawsuit alleging RLUIPA violations related to his requests for religious dietary accommodations. It is, therefore, **RECOMMENDED** that Plaintiff's RLUIPA claim be **DISMISSED without prejudice**.

### IV. CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen and for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's § 1983 claim and **DISMISS** Plaintiff's RLUIPA claim **without prejudice**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 IT IS SO ORDERED.


Date: August 18, 2020          /s/Kimberly A. Jolson
                  KIMBERLY A. JOLSON
                  UNITED STATES MAGISTRATE JUDGE